UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                    File No.  1:05-CR-53

v.

                                      HON. ROBERT HOLMES BELL

JOHN WESTERN THOMAS,

       Defendant.

_____/


## **O P I N I O N**

    This matter is before the Court on Defendant John Western Thomas' motion to suppress evidence seized pursuant to a search warrant.  Defendant contends that evidence seized during the execution of a search warrant of his home should be suppressed based upon the insufficiency of the affidavit supporting the warrant.  Because the affidavit sets forth the requisite probable cause to sustain the search warrant, *see Illinois v. Gates*, 462 U.S. 213, 238 (1983), the motion to suppress is denied.

## I.

    Defendant has been charged in a two-count indictment with possession with intent to distribute more than 100 grams of cocaine base in violation of 21 U.S.C. § 841(a) and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  On October 6, 2004, Detective Scott Eager of the Battle Creek Police Department applied for a warrant to search 114 E. Kingman Ave., Battle Creek, Michigan.  Probable cause for the warrant was

substantiated by Detective Eager's affidavit attached to the search warrant.  After setting

forth Detective Eager's law enforcement qualifications and previous experience with

narcotics investigations, the affidavit stated:

> Within the last 30 days, Affiant received information from a reliable confidential informant that crack cocaine was being sold out of 114 E. Kingman Ave.  The informant told Affiant that the informant had witnessed a crack cocaine sale occur at 114 E. Kingman Ave.
> On September 29, 2004, Affiant and Officer William Bohannon, of the Battle Creek Police Department, conducted a trash pull at 114 E. Kingman Ave . . . At approximately 4:00 am on September 29, 2004, Affiant drove by 114 E. Kingman Ave. and observed several trash bags and a trashcan [sic] sitting near the curb in front of 114 E. Kingman Ave. for pickup.  Affiant also observed trash bags in front of the other residences on E. Kingman Ave.  Affiant then went to the curb in front of 114 E. Kingman Ave. and collected several trash bags and brought them to the Battle Creek Police Department for inspection.

Exhibit 1, Aff. for Search Warrant, attached to Govt. Resp. Br. (Docket #29).  A search of

the trash bags revealed: 1) numerous sandwich bags with a corner ripped out of them, 2) a

sandwich bag with the corner ripped out and white residue inside it, and 3) numerous stems,

seeds, and green plant material.  *Id*.  The affidavit continued:

> Affiant conducted presumptive tests on some of the white residue and green plant material that was collected from the trash bags.  Affiant observed that the white residue tested positive for cocaine and that the green plant material tested positive for marijuana.
> On Wednesday, October 6, 2004, at 4:00 am, Affiant and Bohannon conducted a second trash pull at 114 E. Kingman Ave.  Affiant drove by and observed several trash bags and a trash can in front of 114 E. Kingman Ave. near the curb.  Affiant also observed trash in front of other residences on E. Kingman Ave.  Affiant observed Bohannon collect several bags from in front of 114 E. Kingman Ave.  Affiant brought the bags to the Battle Creek Police Department.

*Id*.  A search of the trash bags from the second trash pull revealed: 1) sandwich bags with the corners ripped or cut out, 2) several plastic bag corners with white crumbs and white residue, and 3) stems and green plant material.  *Id*.  The affidavit also stated "Bohannon told Affiant that he conducted a presumptive test on a portion of the white crumbs collected from the bag corners and on a portion of the green plant material.  Bohannon told Affiant that the white crumbs tested positive for cocaine and that the green plant material tested positive for marijuana." *Id*.  Affiant also explained that, based upon his training and experience, cocaine and crack cocaine are "commonly packaged by putting individual amounts into the corners of plastic sandwich bags and knotting the bag and cutting off the remainder of the bag." *Id*. Based upon the information contained in the affidavit, a state district court judge issued the search warrant for 114 E. Kingman Ave.  The police executed the search warrant that same day.

In the present motion, Defendant challenges the sufficiency of the affidavit in support of the warrant, contending that Affiant failed to provide details regarding the veracity, reliability, and basis of knowledge of the confidential informant, the information contained in the affidavit was stale, and the affidavit failed to set forth information about the identity of persons alleged to have been selling crack cocaine at 114 E. Kingman Ave. and other details regarding when the drug sales occurred.

II.

In reviewing the issuing judge's probable cause determination, the Court does not conduct a *de novo* review, but only reviews the sufficiency of the affidavit to determine "whether the magistrate judge had a substantial basis for finding that the affidavit established probable cause that evidence would be found at the place cited." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quotation omitted)). The issuing judge's probable cause determination is afforded great deference and should only be reversed if arbitrarily made. *United States v. Lattner*, 385 F.3d 947, 952 (6th Cir. 2004); *United States v. Trujillo*, 376 F.3d 593, 602 (6th Cir. 2004) (quoting *Woosley*, 361 F.3d at 926).

The Court must look at the totality of the circumstances in order to determine whether an affidavit is sufficient to support a finding of probable cause. *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (citing *Gates*, 462 U.S. at 230); *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) ("[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny."). Probable cause is defined as "'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion,' and is said to exist 'when there is a fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Lattner*, 385 F.3d at 951 (quoting *United States v. Bennet*, 905 F.2d 931, 934 (6th Cir. 1990); *Davidson*, 936 F.2d at 859).

4

With this standard in mind, the Court turns to the issues presented in the instant case. Defendant's principal challenge is that the affidavit did not provide sufficient information regarding the confidential informant's reliability and veracity. *See May*, 399 F.3d at 822 (noting that an assessment of the "totality of the circumstances" includes evaluating a confidential informant's veracity, reliability, and basis of knowledge) (quoting *Gates*, 462 U.S. at 230). Defendant relies upon the Sixth Circuit's decision in *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000). In *Allen*, the court, siting en banc, evaluated the requirements for the issuance of a search warrant based on information received from a confidential informant. The court rejected a rigid set of factors in favor of a "totality of the circumstances" approach assessing the reliability of the informant. *See Id.* at 972-76. The court held that the magistrate judge's finding of probable cause was proper because the informant's name was revealed to the magistrate judge, a police officer attested "with some detail" to the informant's reliability, and the information provided by the informant described a recent crime and particular evidence. *Id*. at 976. The analysis contained in *Allen* has become the standard in the Sixth Circuit under which affidavits based upon information provided by a confidential informant are evaluated. *See e.g.*, *United States v. McCraven*, 401 F.3d 693 (6th Cir. 2005); *Woosley*, 361 F.3d at 926-28; *United States v. Pinson*, 321 F.3d 558 (6th Cir. 2003).

In this case, there is very little information regarding the reliability and veracity of the confidential informant. The affidavit merely states that Det. Eager received information,

"[w]ithin the last 30 days," regarding a crack cocaine sale at 114 E. Kingman Ave. from "a reliable confidential informant."  Exhibit 1, Aff. for Search Warrant, Govt.'s Resp. Br.  The affidavit also provides general information regarding the informant's basis of knowledge stating that "the informant [] witnessed a crack cocaine sale occur at 114 E. Kingman Ave." *Id.*  Nevertheless, the affidavit is completely lacking in information regarding the informant's reliability or veracity.  Arguably, this information, without more, would be insufficient to support a finding of probable cause.  *See McCraven*, 401 F.3d at 698 (acknowledging that the sufficiency of an affidavit was a "close question" where it provided general information regarding an informant's track record and stated that the informant viewed defendant selling cocaine and marijuana inside his home).  Indeed, the Government acknowledges that the affidavit in this case does not provide any information establishing the credibility of the confidential informant.  The Government, however, also correctly notes that this shortcoming does not effect the analysis of the sufficiency of the warrant in this case.

Defendant's reliance upon *Allen* and its progeny is misplaced.  The issue in *Allen* involved "the necessary requirements for the issuance of a search warrant *based on uncorroborated information from an informant*."  211 F.3d at 973 (quoting *United States v. Allen*, 168 F.3d 293, 308 (6th Cir. 1999) (Gilman, J., concurring in part and dissenting in part), *vacated by*, 179 F.3d 1002 (6th Cir. 1999)).  That is not the case here.  This is not a case where an affidavit relies solely upon uncorroborated information provided by a confidential informant.  *See e.g.*, *United States v. Reddick*, 90 F.3d 1276, 1280 (7th Cir.

1996) (holding that probable cause was lacking where affidavit contained a conclusory statement regarding informant's past credibility without any further detail). In such a case, *Allen* would clearly apply. Rather, in this case, the affidavit is also supported by information from an independent police investigation corroborating the narcotic sale tip.

While *Allen* explicitly stated that police corroboration of an informant's tip was not always required, the court noted that "[p]olice should be aware that failure to corroborate all that can easily be corroborated" runs the risk that the warrant will not issue when it should or that evidence gathered from the search will be suppressed at trial. 211 F.3d at 976. In this case, absent the corroborating police investigation, suppression would be a possibility, however, the later corroborating investigation alleviates this concern. *See Gates*, 462 U.S. at 244-45 ("It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'") (quoting *Jones v. United States*, 362 U.S. 257, 269 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980)); *compare United States v. Smith*, 783 F.2d 648 (6th Cir. 1986) (upholding warrant based upon a tip provided by a confidential informant whose information was corroborated through independent investigation of the police) *with United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) (noting that a "bare bones" affidavit, lacking in probable cause, containing boilerplate language regarding a confidential informant should have been buttressed by other particularized facts obtained through police surveillance). The

7

fact that the police engaged in further investigation, as detailed in the affidavit, renders *Allen*

inapplicable.

The affidavit in this case provides a substantial basis from which the issuing judge

could conclude that probable cause existed that evidence of contraband would be found in

the place to be searched. *Lattner*, 385 F.3d at 951. Along with the confidential informant's

tip, the affidavit also details the results of two "trash pulls" conducted by the police on

September 29, 2004 and October 6, 2004.[1]  Both trash pulls revealed evidence of drug

activity.  Specifically, on September 29, 2004, numerous sandwich bags with a corner ripped

out of them, characteristic of the drug trade, white residue that tested positive for the

presence of cocaine, and green plant material that tested positive for marijuana were

discovered in the garbage bags.  Exhibit 1, Aff. for Search Warrant, Govt.'s Resp. Br.  The

following week, on October 6, 2004, the second trash pull revealed more sandwich bags with

---

[1]Defendant acknowledges, as he must, that the Supreme Court has held that the Fourth Amendment is not implicated where  the police view the contents of a person's trash which has been placed on the street for collection. *California v. Greenwood*, 486 U.S. 35, 39-41 (1988).  Defendant, however, appears to argue that the police were required to have an "articuable basis" justifying reasonable suspicion of wrongdoing for a trash pull. Def.'s Br. Supp. Mot. to Suppress at 3 (citing *Litchfield v. Indiana*, 824 N.E.2d 356 (Ind. 2005).  The *Litchfield* decision, however, was interpreting the Indiana Constitution and is not applicable to this matter.  Moreover, the United States Supreme Court's holding in *Greenwood* clearly demonstrates that there is no reasonable expectation of privacy in garbage bags left at the curb of a public street.  *Greenwood*, 486 U.S. at 40-41.  Absent such an expectation, the Fourth Amendment does not apply.  *Id*. at 41 ("[T]he police cannot reasonably be expected to avert their eyes from evidence of criminal activity that could have been observed by any member of the public.  Hence, '[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.'") (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)).

the corners ripped out, plastic bag corners with white crumbs and residue, and more stems and green plant material. *Id*. The affidavit then discloses that Officer Bohannon informed Affiant that presumptive tests of the white crumbs and green plant material yielded positive results for the presence of cocaine and marijuana. *See United States v. May*, 819 F.2d 531, 536 (5th Cir. 1987) ("Statements by law enforcement officials based upon personal observation or upon the observation of fellow officers participating in the same investigation are entitled to a presumption of reliability); *United States v. Plemmons*, 336 F.2d 731, 734 (6th Cir. 1964) ("Where the hearsay evidence has been personally observed by federal officers and communicated directly to the affiant, this may constitute a substantial basis for crediting the hearsay."). Reviewing the affidavit as a whole under the "totality of the circumstances" it is clear that there was a substantial basis from which the issuing judge could conclude that probable cause existed to issue the search warrant.[2] *See e.g.*, *United States v. Briscoe*, 317 F.3d 906, 908-09 (8th Cir. 2003) (holding that the discovery of marijuana seeds and stems in defendant's garbage was sufficient, standing alone, to establish

---

[2]Defendant also attacks the affidavit because it fails to disclose certain details regarding when the particular crime occurred and the identity of the person alleged to have been selling crack cocaine at 114 E. Kingman Ave. This information is not required for the determination of probable cause to search the residence. *See e.g.*, *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003) ("The standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at *the place cited*.'") (quoting *Greene*, 250 F.3d at 478) (quoting *Davidson*, 936 F.2d at 859) (emphasis added); *United States v. Anderson*, 923 F.2d 450, 457 (6th Cir. 1991) (holding "that knowledge of the precise crime committed is not necessary to a finding of probable cause provided that probable cause exists showing that a crime was committed by the defendants.").

9

probable cause); *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001) (holding that information provided by a confidential informant combined with items discovered during a trash pull sufficiently established probable cause to issue a search warrant).

Finally, Defendant argues that the information provided by the informant was stale. Defendant again overlooks the totality of the circumstances outlined in the affidavit in making this claim. While the informant's tip stated that he witnessed a crack cocaine sale at 114 E. Kingman Ave. "within the last 30 days," the affidavit also included information that Detective Eager, himself, observed evidence of drug activity on two occasions within the previous two weeks prior to the issuance of the warrant, including the very day the search warrant was obtained (October 6, 2004). Thus, Defendant's staleness claim is completely without merit. *See United States v. Rodriguez-Suazo*, 346 F.3d 637, 647 (6th Cir. 2003) (holding that defendant's staleness claim was defeated by a "pattern of drug activity observed by the informant on more than one occasion.") (citing *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988) ("[R]elated events covering a broad span of time continuing to the current period may furnish a most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists.") (quoting *United States v. Haimowitz*, 706 F.2d 1549, 1554-55 (11th Cir. 1983); *Greene*, 250 F.3d at 481 (holding that evidence of ongoing criminal activity generally can defeat a staleness claim)).

10

Defendant's challenge invites the Court to apply an overly critical, line-by-line scrutiny of the affidavit, rather than assessing the "totality of the circumstances." Such an analysis is expressly prohibited. *Greene*, 250 F.3d at 478. Under the totality of the circumstances, it is clear that the contents of the affidavit provided a substantial basis from which the issuing judge could conclude that probable cause was present to search 114 E. Kingman Ave. *Gates*, 462 U.S. at 238. Accordingly, Defendant's motion to suppress is denied. An order will be entered consistent with this opinion.[3]

Date:   August 1, 2005                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The Court is not addressing Defendant's claim that the Government has failed to provide the drug material mentioned in the affidavit for potential testing by Defendant. This issue is not before the Court on the present motion to suppress evidence because it is not material to the analysis of the sufficiency of the warrant. *See e.g.*, *Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998) ("A determination of probable cause simply requires consideration of whether there were reasonable grounds to believe at the time of the affidavit that the law was being violated on the premises to be searched.") (citing *United States v. Eisner*, 297 F.2d 595, 596 (6th Cir. 1962)).